IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JERROLD HANSON,

Plaintiff,

v.

SANDRA J. WHITEHEAD, et al.,

Defendants.

Case No. 2:26-cv-01822-MO

ORDER TO DISMISS

MOSMAN, District Judge.

Plaintiff, incarcerated at the Eastern Oregon Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. In a separate Order, the Court granted Plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

**BACKGROUND**

Plaintiff complains that staff members within the Oregon Department of Corrections ("ODOC") have not diagnosed or properly treated his lower back pain since 2013. He also claims that other ODOC medical members have been aware of issues with his prostate gland since January 2023 but failed to timely or properly treat him. Furthermore, he asserts that he has

experienced an ailment with his arm/shoulder since July of 2024, but that ODOC medical staff did not attend to the issue in a timely manner or prescribe him with proper medication. Finally, he claims that staff members have had knowledge of pain and swelling in his right foot since 2021, but they have not diagnosed or treated him in a timely manner. He seeks $194,000 in damages.

**STANDARDS**

The Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A. In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that Defendants violated his constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

///

///

**DISCUSSION**

As an initial matter, Fed. R. Civ. P. 8(a) requires that a complaint shall include "a short and plain statement of the claim showing that the pleader is entitled to relief." "Each averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 8(e). If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

Plaintiff has submitted a 474-page Complaint that is interspersed with hundreds of pages of exhibits. Indeed, his prayer for relief is not found until page 403. This is not a proper method for pleading claims. A properly pled 42 U.S.C. § 1983 complaint consists of a short, plain statement of a claim identifying the federal right at issue, and how a defendant violated that right. As currently structured, Plaintiff's Complaint falls short of these requirements.

In addition, although Plaintiff claims that all Defendants were involved in depriving him of appropriate medical care over an extended period of time, he does not identify with sufficient specificity how each of those parties personally participated in the deprivation of his Eighth Amendment rights. "Liability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ortez v. Washington County*, 88 F.3d 804, 809 (9th Cir. 1996). Many of Plaintiff's allegations concern medical staff members acting in a supervisory capacity, but there is no respondeat superior liability under § 1983. *Monell v. New York City Dep't. of Social Services*, 436 U.S. 658, 691-94 (1978).

Moreover, in order to state an Eighth Amendment claim for the denial of adequate medical care, Plaintiff must allege that Defendants were deliberately indifferent to his "serious" medical needs. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000); *Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994). Deliberate indifference is shown only where an official "knows of and disregards an excessive risk of inmate health and safety . . . ." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Doty*, 37 F.3d at 546. Even if a prison official should have known of a severe medical risk but did not perceive that risk, a plaintiff cannot establish deliberate indifference. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

Although Plaintiff makes a conclusory allegation to the effect that all Defendants have been deliberately indifferent to his serious medical needs, he has not sufficiently identified how each Defendant he names was deliberately indifferent to his serious medical needs. His voluminous exhibits documenting his extensive medical history within ODOC not only fail to constitute proper allegations, but they also belie his relatively summary contention that Defendants acted with deliberate indifference. To the contrary, his Complaint currently reflects that the medical staff within ODOC repeatedly attempted to provide him with treatment. While he alleges that Davies, Peterson, and Downs did not follow up with him in a timely fashion and did not provide him with the medical course of action he preferred, these allegations do not constitute deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994) ("deliberate indifference describes a state of mind more blameworthy than negligence"); *see also Sanchez v.*

*Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (a difference of medical opinion between doctors, or between a prisoner and a medical provider, does not amount to deliberate indifference). Because Plaintiff fails to allege personal participation with respect to each Defendant, and fails to make sufficient allegations of deliberate indifference to support an Eighth Amendment claim, he fails to state a claim upon which relief can be granted.

Finally, a basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant, and Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). In contrast, unrelated claims against different defendants must be brought in separate lawsuits in order to: (1) prevent prisoners from circumventing the filing fee requirement and three-strikes rule of the Prison Litigation Reform Act; and (2) avoid confusion and prevent "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); 28 U.S.C. § 1915. In this case, it appears that Plaintiff appears to litigate claims spanning 13 years within a single case concerning different parties. Plaintiff's multiple claims are therefore not properly joined. For all of these reasons, Plaintiff's Complaint is dismissed.

**CONCLUSION**

Plaintiff's Complaint (#1) is summarily dismissed for failure to state a claim. Should he wish to continue with this case, he must file an amended complaint within 30 days that: (1) cures

the deficiencies identified above; (2) names all Defendants in its caption; (3) describes how each named Defendant personally participated in the deprivation of a federal right; (4) does not incorporate any other document into the amended complaint or by reference; and (5) is on the form provided by the Court. Because Plaintiff does not currently state a valid claim for pleading purposes, his failure to do so will result in the dismissal of this case with prejudice.

Plaintiff's pending Motion to Correct (#5) is granted. The Clerk is directed to correct the name of Defendant Whitbread on the docket. The Clerk of Court is also directed to send Plaintiff a prisoner civil rights form for his use.

IT IS SO ORDERED.

10/23/2026
DATE

Michael W. Mosman
Michael W. Mosman
United States District Judge